**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 98-1760**

———————

CARL G. SULLIVAN,

Plaintiff - Appellant,

versus

FAYETTEVILLE STATE UNIVERSITY; UNIVERSITY OF
NORTH CAROLINA,

Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief
District Judge.  (CA-97-914-BO)

———————

Submitted:  August 13, 1998          Decided:  August 31, 1998

———————

Before WIDENER and WILKINS, Circuit Judges, and HALL, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Carl G. Sullivan, Appellant Pro Se.  Joyce S. Rutledge, OFFICE OF
THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant appeals the district court's order and judgment granting the Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) and dismissing Appellant's complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (1994) ("Title VII"). Appellant filed two separate charges with the EEOC and received two separate right-to-sue-letters. The district court dismissed Appellant's complaint as to one charge (#141960280) because the complaint was untimely. The court dismissed the complaint as to the second charge (#141960425) because Appellant filed that charge with the EEOC beyond the 180-day limit. See 42 U.S.C. § 2000e-5(e)(1) (1994). The court also dismissed other claims in the complaint for failing to present those claims to the EEOC. On appeal, Appellant does not challenge the court's basis for dismissing the complaint as to charge #141960425 or the unexhausted claims. Because the court's findings were not clearly erroneous, appellate review is waived. See 4th Cir. R. 34(b). We affirm that part of the court's judgment on the reasoning of the district court. See Sullivan v. Fayetteville State Univ., No. CA-97-914-BO (E.D.N.C. Apr. 17, 1998).

As for charge #141960280, Appellant contends the court erred in finding he failed to file his complaint within ninety-days of receiving the right-to-sue letter. We decline to rule on this issue and affirm on alternate grounds. See Cochran v. Morris, 73 F.3d

1310, 1315 (4th Cir. 1996). Defendants correctly argued that charge #141960280, which was filed more than 500 days after the discriminatory event, was not timely filed with the EEOC. Therefore, Appellant cannot pursue this claim in federal court. See Beall v. Abbott Lab., 130 F.3d 614, 620 (4th Cir. 1997).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED